**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID M. PROVENZA, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>NYE COUNTY, NEVADA on relation of the NYE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; and JASON RUESCH, in his individual capacity,<br><br>   Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

  Plaintiff, DAVID PROVENZA, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights:

## PARTIES, JURISDICTION AND VENUE

  1. Plaintiff, DAVID PROVENZA is a resident and citizen of the State of Nevada, County of Nye, and was at all times relevant to this Complaint.

  2. Defendant NYE COUNTY is a political subdivision of the State of Nevada. It is responsible for operation of the Nye County Sheriff's Office. The Sheriff's office is a "law enforcement agency" for the State of Nevada as that term is defined in NRS § 289.010(2).

  3. Defendant, Deputy JASON RUESCH is, on information and belief, a resident and citizen of the State of Nevada, County of Nye, and was at all times relevant to this Complaint. This Defendant is a "peace officer" with the Nye County Sheriff's Office in the State of Nevada as that

term is defined in NRS § 289.150(1).

4. At the times alleged herein, Defendant RUESCH was the actual, apparent, implied, or ostensible agent of Defendant NYE COUNTY/NYE COUNTY SHERIFF'S OFFICE. Therefore, Defendant NYE COUNTY/NYE COUNTY SHERIFF'S OFFICE is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130 and to the extent applicable NRS § 42.007 for state law claims.

5. Venue is proper in the United States District Court of Nevada pursuant to 28 U.S. Code § 1391 as the Defendants reside in the District of Nevada and a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. The United States District Court of Nevada has personal jurisdiction over the Defendants because they are residents of the State of Nevada or governmental entities part of the State of Nevada or have minimum contacts with the State of Nevada under NRS §14.065 and FRCP 4(k)(1)(a).

7. The United States District Court of Nevada has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal question jurisdiction), as this Complaint raises issues of federal law, both Constitutional and statutory. Federal jurisdiction for related state law claims is asserted under 28 USC § 1367 (supplemental jurisdiction).

8. The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim").

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff PROVENZA resides at least part-time in Pahrump, Nye County Nevada. He is a law-abiding citizen of 70 years of age and a retired pilot.

10. On or about March 28, 2024, PROVENZA made a call for service related to a neighbor's pit bull going onto PROVENZA's property and chasing him, which was an ongoing problem.

11. Deputy RUESCH responded to assist animal control for PROVENZA's call for service.

2

12. As the investigation continued, PROVENZA and RUESCH became engaged in an argument, with PROVENZA being critical of RUESCH and how the Deputy was doing his job.

13. Suddenly and completely without cause, RUESCH began to assault and use excessive force on PROVENZA. He knocked PROVENZA—who was not even under investigation for any crime—to the ground, punched him in the face bloodying his mouth, and used a taser on PROVENZA four different times. Incredibly, he then arrested PROVENZA for various charges related to force on the officer, which had not occurred.

### FIRST CLAIM FOR RELIEF

### (Violation of Federal Civil Rights Under 42 U.S.C. § 1983)

14. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1- 13 of this Complaint as if fully set forth herein.

15. This cause of action is pleaded by Plaintiff PROVENZA against only Defendant RUESCH in his individual capacity.

16. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

17. Excessive force used on a pre-trial detainee violates the Fourth Amendment as an unreasonable search and seizure. To the extent it may apply, these actions also violate the Fourteenth Amendment's due process clause.

18. The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" on persons in custody.

19. The Fourth and Eighth Amendments have been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961) (incorporation of Fourth Amendment); *Jones v. Mississippi*, 141 S. Ct. 1307,

1314 (2021) ("the Fourteenth Amendment incorporates the Cruel and Unusual Punishments Clause against the States.").

20. Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

21. At the times alleged in the Complaint on March 28, 2024, Defendant RUESCH was a state actor of the State of Nevada or its political subdivisions, acting under color of law.

22. RUESCH did violate the civil rights of the Plaintiff under the Fourth Amendment, Eighth Amendment and Fourteenth Amendment in the following ways, without limitation:

   a. Applying excessive force to Plaintiff, violently taking him to the ground, punching him in the face, tasing him four times, and restraining him;

   b. Wrongly detaining, arresting and criminally charging Plaintiff;

23. The acts of RUESCH deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.

24. RUESCH lacked any valid justification or Constitutional exception for his unlawful actions.

25. At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his/her conduct was unlawful in the situation he/she was confronted.

26. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress, and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

27. The acts of the RUESCH were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

28. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

## SECOND CLAIM FOR RELIEF

### (Violation of Nevada Constitution/Constitutional Tort)

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-28 of this Complaint as if fully set forth herein.

30. This cause of action is pleaded by Plaintiff against the following Defendants: NYE COUNTY and RUESCH.

31. The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

32. The Nevada Constitution Art. I Sec. 6 states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishments be inflicted, nor shall witnesses be unreasonably detained."

33. The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

34. Plaintiff further alleges that there is also a private cause of action under Nevada Const. Art. I Sec. 6 for retrospective monetary relief. Plaintiff's counsel presents this as an argument for a good faith interpretation or extension of the existing law under *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

35. At the times alleged in the Complaint, Defendants NYE COUNTY and RUESCH were state actors or political subdivisions of the State of Nevada, acting under color of law.

36. Defendants NYE COUNTY and RUESCH did violate the civil rights of the Plaintiff under the Nevada Constitution, Art. I Sec. 18 and Nevada Constitution Art. I Sec. 6 in the following ways, without limitation:

a. Applying excessive force to Plaintiff, violently taking him to the ground, punching him in the face, tasing him four times, and restraining him;

b. Wrongly detaining, arresting and criminally charging Plaintiff;

37. The acts of the Defendants NYE COUNTY and RUESCH deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the state of Nevada.

38. The Defendants NYE COUNTY and RUESCH lacked any valid justification or Constitutional exception for their unlawful actions.

39. The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

40. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

41. Defendant NYE COUNTY is vicariously liable for the acts of its deputy, RUESCH.

42. The acts of the Defendants NYE COUNTY and RUESCH were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

43. Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

44. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

### THIRD CAUSE OF ACTION

**(Battery)**

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-44 as if fully set forth herein.

46. This cause of action is pleaded by Plaintiff against the following Defendants: NYE

COUNTY and RUESCH.

47. On or about March 28, 2024, Defendant RUESCH did forcibly touch PROVENZA, took him to the ground, punched him in the face, tased him at least four times, and restrained him.

48. The Defendant intended to contact Plaintiff in an unconsented manner, and did so.

49. Defendant NYE COUNTY is vicariously liable for the acts of its deputy, RUESCH.

50. The Nevada Supreme Court has found that "a police officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested." *Yada v. Simpson*, 112 Nev. 254, 256 (1996)

51. As a result of the Defendant's acts, Plaintiff sustained injury in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

52. The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

53. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

### FOURTH CLAIM FOR RELIEF

**(Negligence)**

54. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-53 as if fully set forth herein.

55. This cause of action is pleaded by Plaintiff against the following Defendants: NYE COUNTY and RUESCH.

56. Defendant RUESCH had a duty to perform his job according to all applicable state and federal laws and in accordance with his training and police standards.

57. Defendant breached that duty when unlawfully and forcefully detaining, arresting and charging him on March 28, 2024.

58. The breach of duty is based, at least in part, on violation of NRS § 171.1455 as to failure to use de-escalation techniques and a response that was not balanced or carefully controlled to the resistance, if any, offered by the Plaintiff.

59. Defendant NYE COUNTY is vicariously liable for the acts of its deputy, RUESCH.

60. As a result of the Defendants' acts, Plaintiff sustained physical injury and emotional distress in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

61. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**WHEREFORE**, Plaintiff prays for the following relief:

a) For compensatory damages for physical injury, emotional distress, and nominal damages in an amount to be determined at trial but exceeding $100,000;

b) For punitive or exemplary damages;

c) For reasonable costs, interest and attorney's fees, including but not limited to fees available under 42 USC § 1988;

d) Any further relief the Court deems appropriate.

Dated this 28th day of January, 2025.

**BREEDEN & ASSOCIATES, PLLC**

/s/ *Adam J. Breeden*
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 8768
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117-2782
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial in this matter.

Dated this 28th day of January, 2025.

BREEDEN & ASSOCIATES, PLLC

*/s/ Adam J. Breeden*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*